## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JOHANA MARTINEZ, individually and on
behalf of all similarly situated persons,

     Plaintiff,                    CASE NO.:

v.

NCH HEALTHCARE SYSTEM, INC.,

     Defendant.

_____/

## NCH'S NOTICE OF REMOVAL

Defendant, NCH HEALTHCARE SYSTEM, INC. ("NCH"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441, 1446 and Local Rule 4.02, hereby files this Notice of Removal of this action from the Twentieth Judicial Circuit in and for Collier County, Florida, Case Number 20-CA-000996, to the United States District Court for the Middle District of Florida, Fort Myers Division.  In support of removal, NCH states as follows:

## PRELIMINARY FACTS

1.     On March 25, 2020, Plaintiff JOHANA MARTINEZ filed a civil *Class Action Complaint* ("Complaint") in the Twentieth Judicial Circuit in and for Collier County, Florida, Case Number 20-CA-000996, concerning an alleged data breach at NCH's medical facilities.

2.     The Complaint is comprised of nine counts, all of which contain allegations that NCH violated numerous provisions of the Health Insurance Portability and

Accountability Act ("HIPAA"), 42 U.S.C. § 1320d, *et seq*, 45 C.F.R. 164.102, *et seq*.  See Complaint, ¶¶ 40, 81, 92, 108, 114, 117, 120, 124, 129, 141, 144.

3.      The Complaint also appears[1] to allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 41, *et seq*,  as part of the allegations in Count I (Violation of Florida Deceptive and Unfair Trade Practices Act, § 501.201, *et seq.*) and Count III (Negligence *per se*).  See Complaint, ¶¶ 86, 109.

4.      NCH recognizes that there is no private cause of action under either the HIPAA or the FTCA,[2] and "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'"  Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 817 (1986) (quoting 28 U.S.C. § 1331).

5.      However, removal is proper under 15 U.S.C. § 1681p of the FCRA, which states that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court."  See also Lockard v. Equifax, Inc., 163 F.3d 1259, 1264 (11th Cir. 1998) (agreeing "that the language in the FCRA does not provide evidence that Congress intended to preclude removal").

6.      Plaintiff alleges that NCH engaged in "unfair and deceptive practices" under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and NCH was required

---

[1] NCH uses the term "appears" because Plaintiff does not define the acronyms she uses in the Complaint.

[2] See Sneed v. Pan Am. Hosp., 370 Fed. Appx. 47, 50 (11th Cir. 2010) (no private cause of action under HIPAA); Lingo v. City of Albany Dep't of Cmty. & Econ. Dev., 195 Fed. Appx. 891, 894 (11th Cir. 2006) (no private cause of action under FTCA).

under the FCRA "to maintain adequate and reasonable data and cybersecurity measures to maintain the security and privacy of Plaintiff's and Class Members' Personal Information." See Complaint, ¶¶ 85, 86; see also In re Brinker Data Incident Litig., 3:18-CV-686-J-32MCR, 2020 WL 691848, at *12 (M.D. Fla. Jan. 27, 2020) (recognizing failure to adequately secure personally identifiable information may qualify as an unfair practice under FTUDPA (citing Burrows v. Purchasing Power, LLC, No. 1:12-CV-22800-UU, 2012 WL 9391827, at *6 (S.D. Fla. Oct. 18, 2012))).  Thus, the Court has federal question jurisdiction over Plaintiff's FDUTPA claim.  See Lopez v. Chase Bank USA, N.A., 8:13-CV-1895-T-17MSP, 2014 WL 523475, at *2 (M.D. Fla. Feb. 8, 2014) (finding court had federal question jurisdiction under the FCRA where plaintiff raised state law claim alleging "Defendant is both a furnisher of information as well as a debt collector under 15 U.S.C. Sec. 1681 and also liable under Chapter 559, Florida Statutes").

7.     The Complaint is the first occasion when federal questions of any nature have been alleged in this state court action.  This pleading was served upon Defendant NCH on April 27, 2020.

## FEDERAL JURISDICTION

8.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 144l(a).

9.     This Honorable Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged a civil action arising under federal law on the face of the

Complaint.  Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc., 182 F.3d 851, 854 (11th Cir. 1999).

10.     Accordingly, the United States District Court for the Middle District of Florida, Fort Myers Division, is the proper venue for removal of this action.

### SUPPLEMENTAL JURISDICTION

11.     State law claims have been asserted by Plaintiff in the Complaint which arise out of the same nucleus of facts and circumstances forming the basis for the federal claims asserted in this suit.  NCH therefore submits that an exercise of pendant jurisdiction by the Court pursuant to 28 U.S.C. § 1367, would be appropriate in this matter.

### TIMELINESS OF REMOVAL

12.     This Notice of Removal is timely because Plaintiff's Complaint was served on Defendant NCH on April 27, 2020, and is the first pleading which raises any federal questions arising under federal law.  A copy of the Complaint filed in the state court proceedings is attached hereto along with all other documents which have been filed in the state court action.

### STATE COURT RECORDS

13.     Pursuant to Local Rule 4.02, NCH filed with this Notice of Removal a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind that have been filed in the state court action as of the date of this filing.

14.     NCH has not taken any substantial action in state court that could be construed as a waiver of its right to seek removal to federal court.  See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F .3d 1244, 1246 (11th Cir. 2004); Del Rio v.

<u>Scottsdale Ins. Co.</u>, 605CV14290RL19JGG, 2005 WL 3093434, at *3 (M.D. Fla. Nov. 18, 2005).

15.    NCH will file a copy of this Notice of Removal with the Twentieth Judicial Circuit, as required by 28 U.S.C. § 1446(d).

## **CONSENT**

16.    Defense Counsel is assigned to represent the interests of Defendant NCH, and certifies that NCH consents to removal.

WHEREFORE, Defendant NCH HEALTHCARE SYSTEM, INC. respectfully requests that this Honorable Court enter an Order removing the entire case from the Twentieth Judicial Circuit in and for Collier County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **May 27, 2020**, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice to all counsel of record.                                    Respectfully submitted,

*/s/ Robin Horton Silverman*_____

Vincent P. Beilman, III, Esq.
Florida Bar No. 23966
Ryan D. Schoeb, Esq.
Florida Bar No. 109257
Robin Horton Silverman, Esq.
Florida Bar No. 27934
WOOD, SMITH, HENNING &
BERMAN LLP
1501 S. Church Ave, Suite 200
Tampa, FL 33629
Telephone:  813-422-6910
Fax:  813-425-6983
rschoeb@wshblaw.com
rhortonsilverman@wshblaw.com
klongo@wshblaw.com
Counsel for NCH