```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

JOHANA MARTINEZ, individually and on behalf of all similarly situated persons,

    Plaintiff,

v.                            Case No:  2:20-cv-381-FtM-29MRM

NCH HEALTHCARE SYSTEM, INC.,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Response to Court's Order to Show Cause (Doc. #34) filed on July 6, 2020, in response to the Court's June 25, 2020, Order to Show Cause (Doc. #21) regarding the Court's lack of subject matter jurisdiction.  For the reasons set forth below, the Court finds that it has no subject matter jurisdiction over this case.  The Court therefore remands the case to state court.

**I.**

Plaintiff Johana Martinez (plaintiff or Martinez) seeks to represent a class in an action against Defendant NCH Healthcare System, Inc. (defendant or NCH) to obtain damages, restitution, and injunctive relief arising from a cyberattack and data breach at defendant's facilities.  Plaintiff alleges that approximately 63,581 class members suffered ascertainable losses from the

breach, including compromised personal identifiable information and health information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

According to the complaint, the private information was maintained on defendant's computer network in a condition vulnerable to cyberattacks. On information and belief, plaintiff asserts that the potential for improper disclosure was a known risk, and defendant was on notice that failing to take steps to secure the information and properly monitor the computer network and systems that housed the information left the property in a dangerous condition. As a result of the data breach, plaintiff and class members have been exposed to a heightened and imminent risk of fraud and identity theft and they must now and in the future closely monitor their financial accounts. Plaintiff and class members may also incur out of pocket costs for creditor monitoring, credit freezes, credit reports, or other protective measures.

Plaintiff alleges only state law claims in the complaint: violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) (Count I), negligence (Count II) with regard to private information, negligence *per se* (Count III), breach of an express contract (Count IV), a breach of implied contract in fact (Count V), intrusion upon seclusion/invasion of privacy (electronic

intrusion) (Count VI), unjust enrichment (Count VII), breach of confidence (Count VIII), and breach of fiduciary duty (Count IX).

Despite the lack of any federal cause of action in the complaint, defendant removed to case from state court to federal court based upon the assertion that the case arose under federal law within the meaning of 28 U.S.C. § 1331. Defendant argues that the "artful pleading" doctrine requires the Court to infer that the claims arise under federal law because they actually turn on some construction of federal law.

**II.**

Under Section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "In the mine run of cases, a suit arises under the law that creates the cause of action." Atl. Richfield Co. v. Christian, 140 S. Ct. 1335, 1350, 206 L. Ed. 2d 516 (2020) (citation omitted). Under the "well-pleaded complaint rule" whether a civil action arises under federal law for purposes of § 1331 is determined from the face of complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

> For statutory purposes, a case can "aris[e] under" federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted. See American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S. Ct. 585, 60 L. Ed. 987 (1916) ("A suit arises under the law that creates the cause of action"). As a rule of

> inclusion, this "creation" test admits of only extremely rare exceptions, see, e.g., Shoshone Mining Co. v. Rutter, 177 U.S. 505, 20 S. Ct. 726, 44 L. Ed. 864 (1900), and accounts for the vast bulk of suits that arise under federal law, see Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9, 103 S. Ct. 2841, 77 L.Ed.2d 420 (1983).
>
> . . .
>
> But even where a claim finds its origins in state rather than federal law—[ ]—we have identified a "special and small category" of cases in which arising under jurisdiction still lies. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006).

Gunn v. Minton, 568 U.S. 251, 257–58, 133 S. Ct. 1059, 1064–65, 185 L. Ed. 2d 72 (2013).  Thus, the state law claims in the complaint do not arise under federal law unless at least one is among the "special and small category" of cases identified by the Supreme Court.

Defendant's reliance on the "artful pleading" doctrine is misplaced.  This doctrine "allows removal where federal law completely preempts a plaintiff's state-law claim," Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998), that is, when "the pre-emptive force of the statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,'" Caterpillar, 482 U.S. at 393 (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). To have this effect, a federal

statute must "provide[ ] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). There is no assertion in this case that that federal law preempts the state law claims asserted in this case.

Additionally, the Supreme Court has recognized a "special and small category" of state-law claims that arise under federal law for purposes of § 1331 "because federal law is 'a necessary element of the . . . claim for relief.'" City of Oakland v. BP PLC, 960 F.3d 570, 578 (9th Cir. 2020) (citations omitted). To establish that a state law claim falls within the "special and small category of cases", the claim must satisfy all four of the following requirements:

> That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. Id., at 313–314, 125 S. Ct. 2363.

Gunn, 568 U.S. at 258. In this case, there is no basis to find that plaintiff's claims fall within this "special and small category of cases." The third requirement - whether a case "turn[s] on substantial questions of federal law." Grable, 545

U.S. at 312, focuses on the importance of a federal issue "to the federal system as a whole." Gunn, 568 U.S. at 260. Federal law in this case is simply alleged to provide a portion of the legal basis of defendant's obligations with regard to plaintiff's personal information. Breach of a federal duty does not convert every state law claim into one arising under federal law within the meaning of § 1331. E.g., Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1297 (11th Cir. 2008)("we are not persuaded that the negligence-related claims 'necessarily raise a stated federal issue.'") Also, while "due consideration and great weight" is given to the interpretations of the Federal Trade Commission, Fla. Stat. § 501.204(2), FDUTPA remains a state statute. The federal law raised by plaintiff can be determined by the state court, and does not convert a series of state law claims into ones "arising under" federal law.

It is undisputed that diversity of citizenship is not present in this case. The Court does not otherwise have jurisdiction pursuant to 28 U.S.C. § 1331. The Court finds that subject matter jurisdiction is not present in this case, and the case is due to be remanded.

Accordingly, it is hereby

**ORDERED:**

1. The Clerk is directed to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier

County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

2. The Clerk is further directed to terminate all pending motions and deadlines, and to close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of July, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record